IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PHYLLIS MARIE KNIGHT, | ) | 8:19CV206 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| JOHN C. CHATELAIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Phyllis Marie Knight ("Knight"), who also refers to herself as Dr. Phyllis Marie Knight-Bey, D.M., filed this case on May 8, 2019, and was granted leave to proceed in forma pauperis. The court conducted an initial review of Knight's Complaint (Filing 1) pursuant to 28 U.S.C. § 1915(e)(2), and entered a Memorandum and Order on June 13, 2019 (Filing 8), finding that "federal question" subject matter jurisdiction was lacking but giving Knight leave sua sponte to file an amended complaint that properly invokes the court's "diversity of citizenship" jurisdiction.

The court explained that for "diversity of citizenship" jurisdiction to exist, "not only must every Defendant who is named in the Amended Complaint be a citizen of state other than Nebraska (assuming Knight is, in fact, domiciled here), but the amount in controversy must exceed $75,000.00." (Filing 8, p. 10) Because the court questioned the legitimacy of Knight's demand for $100,000.00 in damages for emotional distress, it instructed that she would be required "to allege with particularity any symptoms or physical manifestations of her emotional distress and to attach to the Amended Complaint copies of all supporting evidence, including any pertinent medical records, to establish that the jurisdictional amount is satisfied in this case." (Filing 8, p. 11)

Since then Knight has filed an Amended Complaint (Filing 9), a Revised Amended Complaint (Filing 10), and an Affidavit (Filing 11). The court has carefully reviewed each of these filings and concludes that the action should be dismissed for lack of subject matter jurisdiction at this time. Even giving Knight's pleadings the most liberal interpretation

possible, there is no claim alleged that arises under a federal statute, the Constitution, or treaties of the United States. *See* 28 U.S.C. § 1331 ("federal question" jurisdiction).[1] Because Knight has failed to drop non-diverse Defendants from the action, and has failed to allege with particularity any symptoms or physical manifestations of her alleged emotional distress or provide any supporting documentation to show that her damages could possibly exceed $75,000.00, it is also clear that "diversity of citizenship" jurisdiction under 28 U.S.C. § 1332 does not exist in this case. Knight also expressly states in her Revised Amended Complaint that she "does not wish to invoke the court 'diversity of citizenship' jurisdiction under 28 U.S.C. ss 1332." (Filing 10, p. 10) The court will not grant Knight further leave to amend because amendment would be futile.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice for lack of subject matter jurisdiction. Judgment shall be entered by separate document.

DATED this 30th day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[1] The court will not repeat its extended discussion of this jurisdictional issue from its previous Memorandum and Order.